**DICKINSON WRIGHT LLC**
Lindsey Specht, Esq.
NJ Attorney ID: 087912013
1825 I Street, N.W., Suite 900
Washington, DC 20006
Tel:  (202) 659-6965
Email:  lspecht@dickinsonwright.com

*Attorney for Plaintiff Ontel Products Corp.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ------------------------------------------------------:| |
| ONTEL PRODUCTS CORPORATION, | : |
| | : Civil No. |
| Plaintiff, | : |
| | : |
| v. | : COMPLAINT AND |
| | : <u>DEMAND FOR JURY TRIAL</u> |
| | : |
| | : |
| DIAMOND SHINE CLEANER, LLC, | : |
| AND JOHN DOES 1-10, | : |
| Defendants. | : |
| | : |
| ------------------------------------------------------:| |

### <u>COMPLAINT</u>

Plaintiff Ontel Products Corporation ("Ontel"), having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004, by its undersigned attorneys, files this Complaint against Defendants: Diamond Shine Cleaner, LLC ("Diamond Shine"), having a principal place of business at 304 S. Jones Blvd., #4976, Las

1

Vegas, Nevada 89107; and John Does 1-10 ("Defendants"). In support thereof, Ontel states and alleges as follows:

## I.    INTRODUCTION

1.     This case arises out of the unauthorized use and infringement of Ontel's trademark to its popular and best-selling cleaning device products sold under the TURBO SCRUB® trademark. In violation of federal and state law and in order to capitalize on the clear success of the Turbo Scrub® product, Defendants sold from its website diamondshinecleaner.com and through third party retail stores competing cleaning devices that infringe on Ontel's trademark, as well as copy the Turbo Scrub® instruction manual, infringing on Ontel's copyright.

2.     Diamond Shine has advertised, marketed, distributed, and otherwise offered for sale an electric handheld floor cleaning and scrubbing product under the "TURBO SCRUBBER" mark.

3.     Diamond Shine's product has incorporated the clearly infringing "TURBO SCRUBBER" mark in connection with an identical handheld floor cleaning and scrubbing product.  Diamond Shine's use of the Turbo Scrubber trademark for a competing cleaning product is intended to copy the look and feel of Ontel's genuine Turbo Scrub® product.

4.     Defendants' actions are a clear attempt to copy Ontel's Turbo Scrub® mark and trade on the significant goodwill associated with Ontel's Turbo Scrub®

2

products, particularly given Defendant Diamond Shine's knowledge of Ontel's Turbo Scrub® products and nearly identical reproduction of the Turbo Scrub® mark and use with identical products. This infringement is willful and is causing ongoing and irreparable damage to Ontel and consumers.

5. Defendants' conduct is directly harming Ontel and consumers as the competing products are likely to create a false impression, or to deceive consumers into believing that they derive from Ontel or there is a connection or association between the infringing products and Ontel. In addition, consumers are likely to attribute poor performance, safety concerns, or any defects in the quality of the infringing products to Ontel. Defendants' infringing conduct irreparably harms Ontel because it places Ontel's reputation and goodwill out of its control, and diminishes the value of Ontel's valuable intellectual property rights. The harm to Ontel and to the general public will continue unless Defendants' conduct is enjoined by this Court.

## II.   PARTIES, JURISDICTION AND VENUE

6. Plaintiff Ontel is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

7. Defendant Diamond Shine Cleaner, LLC is, on information and belief, a corporation organized under the laws of the State of Nevada having a principal

place of business at 304 S. Jones Blvd., #4976, Las Vegas, Nevada 89107 ("Defendant Diamond Shine").  Upon information and belief, Defendant Diamond Shine offers for sale, sells and distributes Defendants' infringing products.

8.    Defendants John Does, 1-10 are unknown entities at this time but upon information and belief, have engaged in and assisted in the infringing conduct set forth herein.

9.    This Court has jurisdiction by virtue of the fact that this is a civil action under the Lanham (Trademark) Act, 15 U.S.C. § 1051 *et seq*. and the Copyright Act 17 U.S.C. 101 *et seq.*  This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.

10.    This Court has personal jurisdiction over the Defendants because they do business in the State of New Jersey and specifically direct their activities toward the residents of the State of New Jersey, including in this District.

### III.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    ONTEL'S TURBO SCRUB® PRODUCTS

11.    For over 20 years, Ontel has developed, marketed, and distributed some of the most innovative consumer products on the market, including popular toys, top-selling kitchen utensils, and ground-breaking household items. Ontel's products are sold in nearly every major retail chain in the United States, and in over 30

4

countries worldwide.

12.    Among the products sold by Ontel are the TURBO SCRUB®, TURBO SCRUB® 360, AND TURBO SCRUB® PRO (collectively "Turbo Scrub® Products"). The Turbo Scrub® Products are a best-selling product line comprising of electric handheld floor cleaning and scrubbing products.  See Exhibit A for examples of the Turbo Scrub® Products

13.    The Turbo Scrub® Products were first sold in the United States at least as early as 2016 and have become one of Ontel's best-selling products in the United States and worldwide.

14.    The commercial success of the Turbo Scrub® Products began with the 2016 launch of the original Turbo Scrub® electric handheld floor cleaning and scrubbing machine. Further research and development expanded the product line, resulting in Ontel's launch of additional Turbo Scrub® Products. Exemplar images showing the Turbo Scrub® Products are depicted here:





15.    Ontel's products, including the Turbo Scrub® Products, have been sold at many large, popular and common retail stores, including retailers such as Lowe's Home Improvement stores and online retailers such as Amazon.com, and are also available for purchase online through many authorized retailers.  An example of the display used in Lowe's Home Improvement is captured here:

6



16.    Ontel's Turbo Scrub® Products are known to consumers throughout the United States to represent genuine, high-quality goods of Ontel.  Ontel owns the goodwill associated with its intellectual property rights and has invested significant time and resources securing and protecting these rights worldwide.

17.    Ontel invests great sums not only in the research and design of superior products, but also in the promotion, advertising, and brand recognition of its many consumer products, including the Turbo Scrub® Products. Since 2016, Ontel has achieved over twenty-five million dollars ($25,000,000) in gross sales from the Turbo Scrub® Products and purchased digital and television media valued at more than eight million dollars ($8,000,000) to advertise the Turbo Scrub® Products, demonstrating the success and popularity of Ontel's Turbo Scrub® Products.

18.    Unfortunately, as a result of this success, the Turbo Scrub® Products are frequently counterfeited and copied and Ontel has had to expend significant resources combatting infringing products, as parties like Defendants try to capitalize on Ontel's success.

**B.    ONTEL'S TURBO SCRUB® COPYRIGHT**

19.    Ontel is the owner of a valid U.S. copyright registration for the instruction manual associated with the Turbo Scrub® Products.

20.    Ontel's Turbo Scrub® 360 Instruction Manual was registered with the U.S. Copyright Office on August 21, 2025 and granted Registration Number VA2463256 for the photographs, 2-D Artwork, and text depicted below ("Turbo Scrub® 360 Instruction Manual").  See Exhibit B.

21.    Ontel's Turbo Scrub® 360 Instruction Manual is referred to as the "Turbo Scrub® Copyrighted Work" and the registration therefore is referred to as "Turbo Scrub® Copyright." See Exhibit B.

22.    Ontel's Turbo Scrub Copyright is valid and subsisting.

## C.    ONTEL'S TURBO SCRUB® TRADEMARKS

23.    In addition to owning common law rights in the TURBO SCRUB® mark, including the logo design , Ontel owns a federal trademark registration for TURBO SCRUB® as registered with the United States Patent and Trademark Office as follows ("Turbo Scrub® Mark") (Exhibit C) and uses this trademark in connection with the sale of Turbo Scrub® Products:

| Mark | Registration Details | Goods |
|------|---------------------|-------|
| TURBO SCRUB® | U.S. Reg. Number 6880918<br>Registration Date: October 18, 2022 | IC 007.  Cleaning devices, namely, electric hand held floor cleaning and scrubbing machines |

24.    Ontel's registration for the TURBO SCRUB® Mark is valid and subsisting and provides prima facie evidence of the validity of the registered mark, Ontel's ownership of the mark and Ontel's exclusive right to use the registered mark in commerce on or in connection with the goods identified in the registration.

25.    Ontel has spent significant time, money and resources developing, marketing, advertising, promoting and selling the Turbo Scrub® Products in interstate commerce and has accrued valuable goodwill associated with the Turbo Scrub® Mark.

26.    The Turbo Scrub® Mark is well known and widely recognized by the consuming public as a designation of source of the goods of Ontel.

9

**D.    DEFENDANTS' INFRINGEMENT**

27.    Upon information and belief, Defendant Diamond Shine has offered and continues to offer for sale a wide variety of cleaning products including electric handheld floor cleaning and scrubbing machines, accessories, and chemical products.

28.    Upon information and belief, Defendant Diamond Shine operates an online website, <diamondshinecleaner.com>, in addition to selling its products at retail stores.

29.    Defendant Diamond Shine has offered and sold a competing electric handheld floor cleaning and scrubbing machine product called TURBO SCRUBBER.  The infringing product, as obtained from Defendant Diamond Shine's online website <diamondshinecleaner.com> and for sale at least at retail stores such as Lowe's Home Improvement Stores ("Infringing Product") is depicted below and at Exhibit D:

10





11

30.    The Infringing Product infringes on one or more of Ontel's intellectual property rights.

31.    Specifically, the use of the TURBO SCRUBBER mark on the Infringing Product infringes on Ontel's Turbo Scrub® Mark.

32.    This infringing conduct was deliberate and willful as Defendants were aware of Ontel's Turbo Scrub® products, and despite having knowledge of Ontel's trademark rights, Defendants incorporated the "Turbo Scrubber" trademark with its competing product, which is nearly identical to Ontel's Turbo Scrub® Mark, and even used a similar color combination as that contained on Ontel's Turbo Scrub® Products:

Ontel's Turbo Scrub®                              Defendants' Turbo Scrubber




33.    The Infringing Product also contains an instruction manual which incorporates portions of Ontel's Turbo Scrub® Copyrighted Work.

## COUNT I: VIOLATION OF 17 U.S.C. §§ 101 *et seq.* – COPYRIGHT INFRINGEMENT

34.     Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

35.     Ontel is the owner of Ontel's Turbo Scrub® Copyright, including the corresponding Certificate of Registration.

36.     Defendants violated Ontel's exclusive rights in Ontel's Turbo Scrub® Copyright in the United States by:

a)  Reproducing Ontel's Turbo Scrub® Copyrighted Work, including portions thereof;

b)  Preparing derivative works based on Ontel's Turbo Scrub® Copyrighted Work;

c)  Distributing copies of Ontel's Turbo Scrub® Copyrighted Work to the public, including portions thereof; and

e)  Other acts of infringement as revealed by discovery.

37.     As a representative example, Defendants infringed upon Ontel's Turbo Scrub® Copyright by using direct copies of significant portions of Ontel's Turbo Scrub® Copyrighted Work in connection with Defendants' Infringing Product.

38.     Defendants' improper use of Ontel's Turbo Scrub® Copyrighted Work was done without Ontel's permission and does not constitute fair use of Ontel's Turbo Scrub® Copyright.

13

39.     Defendants' above-described acts constitute copyright infringement in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

40.     Defendants' infringement of the Turbo Scrub® Copyright was committed willfully.  At a minimum, Defendants' infringement was committed with actual knowledge of, or with reckless disregard for or willful blindness to, the fact that Defendant was infringing on Ontel's Turbo Scrub® Copyright.

41.     As a result of Defendants' wrongful conduct, Ontel has been, and will continue to be, damaged.

42.     Defendants' actions described above have caused and will continue to cause irreparable damage to Ontel, for which Ontel has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their infringement of Ontel's Turbo Scrub® Copyright, these injuries will continue to occur in the future.

## COUNT II: VIOLATION OF 15 U.S.C. § 1114 – INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARKS

43.     Ontel incorporates all preceding paragraphs of the Complaint as if set forth in full herein.

44.     Defendants have infringed and continue to infringe upon Ontel's federally registered Turbo Scrub® Mark through Defendants' use in commerce of a reproduction, counterfeit, copy, and/or colorable imitation of the of the Turbo

14

Scrub® Mark in connection with the sale, offering for sale, distribution, or advertising of electric handheld floor cleaning and scrubbing machine products.

45. As shown herein, Defendants' Turbo Scrubber mark which is being used to identify Defendants' products is nearly identical, and very close to Ontel's Turbo Scrub® Mark.

46. Defendants have used and continue to infringe upon and counterfeit Ontel's Turbo Scrub® Mark without approval, and in a manner that is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin of Defendants' electric handheld floor cleaning and scrubbing machine products or as to their affiliation, connection or association with Ontel.

47. Defendants do not have permission from Ontel to use Ontel's Turbo Scrub® Mark.

48. Defendants' actions as set forth in this Complaint constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham (Trademark) Act 15 U.S.C. § 1114.

49. Defendants' infringement and counterfeiting of Ontel's Turbo Scrub® Mark was committed with knowledge that the imitation of Ontel's Turbo Scrub® Mark, including by using a similar color combination, would cause actual confusion, mistake, or deception of consumers.

50. Defendants intentionally and willfully infringed and counterfeited

Ontel's Turbo Scrub® Mark.   Upon information and belief, Defendants had knowledge of Ontel's Turbo Scrub® Products and Turbo Scrub® Mark.

51.    As a result of Defendants' unlawful conduct, Ontel has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

## COUNT III: VIOLATION OF 15 U.S.C. §1125 – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

52.    Ontel incorporates herein all preceding paragraphs of this Complaint as if set forth in full herein.

53.    Defendants are offering for sale, selling and marketing electric handheld floor cleaning and scrubbing machine products that compete with Ontel's Turbo Scrub® Products.

54.    Defendants' use and continued use in commerce of images, words, terms, names, false or misleading descriptions of fact, false designations of origin, and false or misleading representations of fact in connection with Defendants' offering for sale, sale and promotion of Defendants' electric handheld floor cleaning and scrubbing machine products bearing the "Turbo Scrubber" trademark has caused and is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' products with or by Ontel.

55.    Defendants' unauthorized use in commerce of Ontel's Turbo Scrub® Mark on or in connection with its electric handheld floor cleaning and scrubbing

machine products constitutes a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendants were aware that Ontel owns Ontel's Turbo Scrub® Mark and that they were infringing on Ontel's Turbo Scrub® Mark.

57. Defendants' actions were taken with knowledge and with the intent to cause confusion or mistake and to deceive the public as to the source, origin, sponsorship or approval of Defendants' products.

58. Defendants acted with knowledge and with the intent that their actions would confuse third parties into believing they were purchasing genuine Ontel products or purchasing products associated with, or affiliated or sponsored by, Ontel, specifically the Turbo Scrub® Products. Defendants willfully and in bad faith committed such acts with the intent to confuse, mislead, or deceive consumers as to the origin, source, sponsorship, or affiliation of their products and with the intent to trade off of the reputation and goodwill of Ontel. At a minimum, Defendants should have known that their conduct was and is unlawful, that they were unfairly competing with Ontel, and committing acts of false designation of origin.

59. As a direct and proximate result of Defendants' acts of unfair competition and false designation of origin, description and representation, Ontel has suffered injury, including loss of exclusive control over its Turbo Scrub® Mark and damage to the value of its trademarks, reputation and goodwill.

60. This injury to Ontel is irreparable. Defendants continue to commit the acts described above, and unless restrained and enjoined, will continue to do so, to Ontel's further irreparable injury. Ontel's remedy at law is inadequate to compensate it for the injuries inflicted and threatened by Defendants.

## COUNT IV:
## UNFAIR COMPETITION IN VIOLATION OF N.J.S.A. § 56:4-1

61. Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

62. Defendants and Ontel sell competing electric handheld floor cleaning and scrubbing machine products.

63. Defendants have engaged in trade and commerce in New Jersey, as they have sold the infringing products in retail locations throughout the state of New Jersey.

64. Defendants have willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including through the bad faith and unauthorized use of the infringing TURBO SCRUBBER Mark and by copying the Turbo Scrub® Copyrighted Work.

65. Defendants' unfair acts or practices and unfair methods of competition are likely to cause confusion, mistake, or deception as to the source or origin of the Defendants' products or their authorization or sponsorship by Ontel.

66. Defendants' conduct has caused, and continues to cause irreparable

18

injury to Ontel, including to Ontel's reputation and goodwill.  Ontel has no adequate remedy at law.  Unless such unauthorized use is enjoined, Ontel will continue to be irreparably harmed.

67.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard of Ontel's rights.

68.    By reason of Defendants' misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT V: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

69.    Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

70.    Defendants and Ontel sell competing electric handheld floor cleaning and scrubbing machine products.

71.    Ontel has continuously and exclusively used in New Jersey and nationally the Turbo Scrub® Mark on and in connection with the sale of its electric handheld floor cleaning and scrubbing machine products since at least as early as 2016.

72.    Defendants have misappropriated Ontel's Turbo Scrub® Mark by using a substantially indistinguishable mark on, or in connection with the sale of, unauthorized electric handheld floor cleaning and scrubbing machine products.

73.        Defendants    have    committed    trademark    infringement,

counterfeiting and unfair competition as described above.

74.    Defendants' trademark infringement and unfair competition is likely to cause confusion, mistake, or deception as to the source or origin of its products and/or authorization or sponsorship of those products by Ontel and, as such, has diverted sales from Ontel.

75.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Ontel, including lost sales and damage to Ontel's reputation and goodwill, and Ontel has no adequate remedy at law.  Unless such unauthorized use is enjoined Ontel will continue to be irreparably harmed.

76.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Ontel's rights.

77.    By reason of Defendants' misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of goodwill.

### COUNT VI: UNJUST ENRICHMENT

78.    Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

79.    As detailed above, Ontel expended considerable time and resources in creating, developing and maintaining the Turbo Scrub® Mark and Turbo Scrub® Copyrighted Work. The undertaking required considerable research, time, strategic planning, and evaluation of market and economic trends, new technologies,

20

innovations and their impact on the household product industry.

80.    By virtue of its significant efforts and labor embodied in the Turbo Scrub® Mark and Turbo Scrub® Copyrighted Work, the use of such mark and copyright by Defendants conferred a benefit on Defendants, whereby Defendants took their own products, designed them to have the same look and feel as Ontel's genuine products, and sold and promoted those products under the infringing TURBO SCRUBBER Mark without authorization from Ontel.

81.    But for Defendants' misappropriation of Ontel's intellectual property and associated goodwill, Defendants would have had to expend considerable time and expense in independent research, development, marketing and advertising of their electric handheld floor cleaning and scrubbing machine products in order to enter the relevant market and directly compete with Ontel.

82.    Defendants have been unjustly enriched by retaining this benefit without providing Ontel any payment.  As a result of Defendants' wrongful acts, Ontel has suffered and will continue to suffer significant commercial, monetary and other damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Ontel respectfully requests that this Honorable Court:

a) Enter judgment against Defendants finding that: (i) Defendants have engaged in willful and intentional copyright infringement in violation of

Section 501 of the Copyright Act (17 U.S.C. § 501); (ii) Defendants have engaged in willful and intentional trademark infringement and counterfeiting in violation of Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125); (iii) Defendants have engaged in willful and intentional unfair competition in violation of N.J.S.A. § 56:4-1 *et seq.*; (iv) Defendants have engaged in willful and intentional trademark infringement and unfair competition in violation of New Jersey common law; and (v) Defendants have been unjustly enriched in violation of New Jersey common law;

b) Issue a temporary restraining order and preliminary and permanent injunction prohibiting Defendants and each of their agents, servants, employees, attorneys, and any other persons who are in active concert or participation with it from:

   i.  Using Ontel's Turbo Scrub® Copyright in connection with the offering for sale or advertising of any products;

   ii. Infringing upon or counterfeiting Ontel's Turbo Scrub® Mark;

   iii. Engaging in any action to pass off Defendants' products as Ontel products;

c) Requiring Defendants to account for profits;

d) Award Ontel its actual damages, or in the alternative, statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504;

e) Award Ontel its actual damages, or in the alternative, statutory damages for willful trademark counterfeiting pursuant to 15 U.SC. § 1117(c);

f) Award Ontel an amount equal to Defendants' profits and all damages sustained by Ontel for Defendants' violation of 15 U.S.C. § 1125(a);

g) Award Ontel the costs associated with bringing this action; and

h) Award Ontel interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff Ontel Products Corporation hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Lindsey Specht*

Lindsey Specht, Esq.
NJ Attorney ID: 087912013
**DICKINSON WRIGHT PLLC**
1825 I Street, N.W., Suite 900
Washington, DC 20006
Tel:  (202) 659-6965
Email:  lspecht@dickinsonwright.com

*Attorney for Plaintiff*

Dated: March 16, 2026

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I certify that the matter in controversy is not the subject of any other action or proceeding pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  March 16, 2026

Respectfully submitted,

/s/ *Lindsey Specht*
Lindsey Specht, Esq.
NJ Attorney ID: 087912013
**DICKINSON WRIGHT PLLC**
1825 I Street, N.W., Suite 900
Washington, DC 20006
Tel:  (202) 659-6965
Email:  lspecht@dickinsonwright.com
